UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA CUMMINGS, | Case No. |
| Plaintiff, | |
| - against - | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; CITY OF NEW YORK OFFICE OF SPECIAL INVESTIGATIONS; NYC MAYOR BILL de BLASIO; GIULIA COX; COURTNEY WARE; BEN CHAPMAN; NEW YORK DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER REPORT a/k/a HECHINGER INSTITUTE ON EDUCATION AND THE MEDIA; LENARD LARRY McKELVEY a/k/a *CHARLAMAGNE THA GOD*; WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL COMMUNICATIONS, INC.; NEW YORK STATE SENATOR, KEVIN S. PARKER; COUNCILMAN, JUMAANE D. WILLIAMS; COUNCILMAN, DANIEL DROMM; COALITION OF EDUCATIONAL JUSTICE; ANGEL MARTINEZ; NATASHA CAPERS, and "JOHN DOE AND JANE DOE# 1-100" said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually and jointly and severally, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Daily News, L.P., incorrectly

named as New York Daily News, and Ben Chapman (collectively, "Daily News") hereby notice

removal of this civil action from the Supreme Court of the State of New York, County of

Suffolk, to the United States District Court for the Eastern District of New York.  This Court has

removal jurisdiction because this is a civil action that includes "a claim arising under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441(c)(1)(A).  In further support of this Notice of Removal, the Daily News alleges as follows:

1.      On or about January 1, 2019, Plaintiff Patricia Cummings commenced an action captioned *Patricia Cummings v. The City of New York, et al.*, Index No. 600747/2019, in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice (the "State Action").

2.      On February 20, 2019, Plaintiff served a copy of a Summons with Notice on the Daily News.

3.      On February 21, 2019, the Daily News filed a Demand for Complaint and served the same on Plaintiff.

4.      On March 4, 2019, defendants The City of New York, New York City Department of Education, City of New York Office of Special Investigations, NYC Mayor Bill de Blasio, Giulia Cox, Courtney Ware, Councilman Jumaane D. Williams, and Councilman Daniel Dromm (collectively, "The City Defendants") served a motion to change the venue of the State Action in Supreme Court of the State of New York, New York County, Index No. 100277/2019.

5.      No further proceedings have occurred in the State Action.  In accordance with 28 U.S.C. § 1446(a), a true and correct of copy of Plaintiff's Summons with Notice, which represents all process, pleadings, and orders served upon the Daily News in the State Action, is attached hereto as **Exhibit A**.

6.      In the Summons with Notice, Plaintiff alleges that the named Defendants, among other things, violated Federal Civil Rights, 42 U.S.C. §§ 1983 and 1988, including the Due

Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

7.      As pled, Plaintiff's claims are predicated on federal law, involve contested federal issues, and implicate substantial federal interests.

8.      Plaintiff's claims will require this Court to interpret, apply, and enforce federal civil rights and constitutional laws and regulations.

9.      Accordingly, removal of this action is appropriate pursuant to 28 U.S.C. § 1331 on the grounds of federal question jurisdiction.  This action arises "under the Constitution, laws or treaties of the United States" and is within this Court's original jurisdiction.  28 U.S.C. § 1331.

10.     To the extent Plaintiff's claims arise under New York State law, including any tort claims or violations of New York State civil rights laws and the New York State Constitution, and do not come within the original jurisdiction of this Court, the Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §§ 1367, as it relates to and is founded upon the same allegations giving rise to this Court's original jurisdiction.

11.     Accordingly, this action is removable to this Court under 28 U.S.C. §§ 1331, 1367, 1441, 1446, and Federal Rule of Civil Procedure 81(c).

12.     The United States District Court for the Eastern District of New York is appropriate for purposes of removal because it embraces the place in which the removed action has been pending.  *See* 28 U.S.C. § 112.

13.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is filed within thirty days after the Daily News' receipt of the Summons with Notice.

14.     Each of the named Defendants consent to removal of this action except iHeartMedia, Clear Channel Communications, Inc. (n/k/a iHeartCommunications, Inc.) and WWPR-FM (105.1 MHZ).  As detailed in a letter to Plaintiff's counsel dated February 19, 2019, iHeartMedia, Clear Channel Communications, Inc. (n/k/a iHeartCommunications, Inc.) and WWPR-FM (105.1 MHZ) are not proper parties to this action.   Specifically, continued prosecution of the State Action as to iHeartMedia, iHeartCommunications, Inc. and WWPR-FM (105.1 MHZ) would constitute a direct violation of the automatic stay extant in cases filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which are pending in the United States Bankruptcy Court for the Southern District of Texas.   Although the rule of unanimity generally requires that all defendants either join in a removal or consent thereto, it is well-understood that a defendant subject to an automatic stay in bankruptcy court is not properly joined and, as such, need not join or consent to removal.  *See, e.g.*, *PNC Equip. Finance, LLC v. USA Wheel Technology, Inc.*, No. 1:11cv199, 2012 WL 441172, at *1 (S.D. Ohio  Feb. 10, 2012) ("[W]here a non-joining defendant is bankrupt, courts have found that an exception is to be made to the rule of unanimity.").   Moreover, a bankrupt defendant "need not join in the removal petition because it was not amendable to service of legal process."  *Id.* at 1 n. 2 (collecting cases).  A true and correct copy of the February 19, 2019, letter is attached hereto as **Exhibit B**.

15.     True and correct copies of the remaining Defendants' Consents to Removal are attached hereto as **Exhibit C**.

16.     Pursuant to 28 U.S.C. § 1446(d), the Daily News is simultaneously filing a true and correct copy of this Notice of Removal with the Clerks of the Supreme Court of the State of New York, County of Suffolk, and County of New York and serving a copy of this Notice of Removal on Plaintiff.

WHEREFORE, the Daily News respectfully requests that this action be removed from the Supreme Court of New York, Suffolk County, to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated:   New York, New York
          March 22, 2019

By: /s/ Matthew A. Leish
    Matthew A. Leish
    Assistant General Counsel
    Daily News, L.P.
    4 New York Plaza
    New York, NY  10004
    (212) 210-2144

*Attorneys for Defendants Daily News, L.P. and Ben Chapman*