SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
PATRICIA CUMMINGS,

                                                          Plaintiff,

      -against-

THE CITY OF NEW YORK;
NEW YORK CITY DEPARTMENT OF EDUCATION;
CITY OF NEW YORK OFFICE OF SPECIAL
INVESTIGATIONS; NYC MAYOR BILL de BLASIO;
GIULIA COX; COURTNEY WARE; BEN CHAPMAN;
NEW YORK DAILY NEWS; DR. ANDRE PERRY;
THE HECHINGER REPORT a/k/a HECHINGER
INSTITUTE ON EDUCATION AND THE MEDIA;
LENARD LARRY McKELVEY a/k/a
*CHARLAMAGNE THA GOD*;
WWPR-FM (105.1 MHZ); iHEARTMEDIA;
CLEAR CHANNEL COMMUNICATIONS, INC.;
NEW YORK STATE SENATOR, KEVIN S. PARKER;
COUNCILMAN, JUMAANE D. WILLIAMS;
COUNCILMAN, DANIEL DROMM;
COALITION OF EDUCATIONAL JUSTICE; ANGEL
MARTINEZ; NATASHA CAPERS, and
"JOHN DOE AND JANE DOE # 1-100" said names
being fictitious, it being the intent of Plaintiff
to designate any and all individuals, officers, members,
agents, servants, and/or employees of the
aforementioned agencies owing a duty of care to Plaintiff,
individually and jointly and severally,

                                                     Defendants

-------------------------------------------------------------------------X

Index No. : 600747/2019

Date Purchased: 01/10/2019

**SUMMONS WITH NOTICE**

Plaintiff designates
SUFFOLK COUNTY
as the Place of Trial

Basis of Venue:
The Plaintiffs' residence

The Plaintiff resides in
Farmingville, New York
Suffolk County

To the above Named Defendants:

      PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: Garden City, New York
January 9, 2019

Yours, etc.

*[signature]*

LAW OFFICES OF THOMAS F. LIOTTI, LLC
By: Thomas F. Liotti, Esq.
Attorneys for Plaintiff
600 Old Country Road. Suite 530
Garden City, New York 11530
(516) 794-4700

TO: THE CITY OF NEW YORK
c/o Comptroller of the City of New York
Municipal Building - Room 1225
One Centre Street
New York, New York 10007

NEW YORK CITY DEPARTMENT OF EDUCATION
New York City Law Department
100 Church Street, Ground Floor
New York, New York 10007

CITY OF NEW YORK OFFICE OF SPECIAL INVESTIGATIONS
80 Maiden Lane
New York, New York 10038

NYC MAYOR BILL de BLASIO
City Hall
New York, NY 10007

GIULIA COX
c/o The William W. Niles School - Middle School 118
577 E. 179th Street
Bronx, New York 10457

COURTNEY WARE
c/o The William W. Niles School - Middle School 118
577 E. 179th Street
Bronx, New York 10457

BEN CHAPMAN
c/o New York Daily News
4 New York Plaza
New York, New York 10004

NEW YORK DAILY NEWS
4 New York Plaza
New York, New York 10004

DR. ANDRE PERRY
c/o The Brookings Institution
1775 Massachusetts Ave., NW
Washington, DC 20036

THE HECHINGER REPORT a/k/a
HECHINGER INSTITUTE ON EDUCATION AND THE MEDIA
c/o Teachers College - Columbia University
525 W. 120th St, TC Box 127
New York City, New York 10027

LENARD LARRY McKELVEY a/k/a *CHARLAMAGNE THA GOD*
c/o iHeartMedia
125 W 55th St
New York, New York 10019

WWPR-FM (105.1 MHZ)
163 E 125th St
New York, New York 10035

iHEARTMEDIA
125 W 55th St
New York, New York 10019

CLEAR CHANNEL COMMUNICATIONS, INC.
1233 Avenue of the Americas
New York, New York 10020

NEW YORK STATE SENATOR, KEVIN S. PARKER
District Office
3021 Tilden Ave.,
1st floor & Basement
Brooklyn, New York 11226-5107

COUNCILMAN, JUMAANE D. WILLIAMS
District Office
4517 Avenue D
Brooklyn, New York 11203

COUNCILMAN, DANIEL DROMM
District Office
37-32 75th Street, 1st Floor
Jackson Heights, New York 11372

COALITION OF EDUCATIONAL JUSTICE
726 Broadway, 5th Floor
Metro Center
New York, New York 10003

ANGEL MARTINEZ
c/o Coalition of Educational Justice
726 Broadway, 5th Floor
Metro Center
New York, New York 10003

NATASHA CAPERS
c/o Coalition of Educational Justice
726 Broadway, 5th Floor
Metro Center
New York, New York 10003

JOHN DOE AND JANE DOE # 1-100
being all individual Defendants
owing a duty of care to Plaintiffs, the identities and addresses of whom
are currently unknown to Plaintiffs

**NOTICE:** The object of this action is to recover damages for the harm caused to the Plaintiff, Patricia Cummings', reputation, livelihood, and career as a New York City Public School Teacher at The William W. Niles School - Middle School 118, Community School District 10, in Bronx County, New York; to wit: for the defamation, discrimination, distress, suffering, mental, emotional, and physical anguish and humiliation and embarrassment inflicted upon the Plaintiff, Patricia Cummings', due to the negligence, carelessness, recklessness, and, misfeasance, malfeasance, and negligent acts practices, and/or omissions of the Defendants in negligently, improperly, and unprofessionally failing to expeditiously investigate false, frivolous, retaliatory, unsubstantiated, and delusive allegations erroneously made against the Plaintiff and inappropriately making her the subject of extensive defamatory media coverage; directing an automatic and protracted reassignment from her position as a New York City Public School Teacher at The William W. Niles School - Middle School 118, Community School District 10, in Bronx County, New York, and ultimately her termination as a New York City Public School Teacher; and further in violating State and Federal Civil Rights, 42 U.S.C. §§ 1983 and 1988, including but not limited to State and Federal Constitutional violations for a denial of Due Process and the Equal Protection of the Laws.

This matter arose as a result of what was erroneously reported concerning a complaint made by a parent of a student regarding a lesson taught by the Plaintiff in her social studies class 408, on the Middle Passage, which took place on January 9, 2018. On or about January 16, 2018, the Plaintiff received a hand-delivered correspondence by and from Giulia Cox, Principal of The William W. Niles School - Middle School 118, inexplicably informing her that she was the subject of a disciplinary meeting to take place on January 18, 2018. Shortly thereafter, from January 23, 2018 to January 25,

2018, the Plaintiff was removed from teaching class 408; however, she continued to teach her other classes during this time. Following the Plaintiff's return to class 408, on or about February 1, 2018, the Plaintiff was confronted on school property by Ben Chapman, a reporter from the New York Daily News, and as a result, became the subject of a front page story in the New York Daily News, falsely accusing her of being a "racist" and *"making black students lie face down on the floor of her class, and asking them '[H]ow does it feel to be a slave?'"* As a result, this fabricated and erroneous set of "facts" was picked up by the media worldwide and transmitted to various news outlets and appeared online and in media all over the world. The Plaintiff was featured in several prominent newspapers and televised news programs, as well as on YouTube, where it is erroneously reported, among other things that she *"singled out black students and made them act like slaves;"* she is falsely reported to have told them to *"lie on the floor for a lesson on slavery and then stepped on their backs to show them what slavery felt like."* She has been publically accused of "child abuse," labeled as a "racist," referred to as an "oppressor," by many, including politicians and activists, and specifically by Ben Chapman, a reporter from the New York Daily News and Dr. Andre Perry in the Hechinger Report, a nonprofit, independent news organization focused on inequality and innovation in education. The Plaintiff has been publically called, among other things, a "cave animal," a "cracker," and a "white supremacist," by Power 105.1 radio personality, Lenard Larry McKelvey, known professionally as *"Charlamagne tha God,"* on the air, and by other members of the general public in various and extensive online media posts discussing this issue. She has received direct threats of violence and death causing her to fear for her life. Giulia Cox, Principal of The William W. Niles School - Middle School 118, adamantly refused to speak with another teacher, who was present in the classroom during the Plaintiff's lesson, and later testified to the Office of Special Investigations that the lesson in question was appropriate. The Plaintiff was ultimately exonerated of the erroneous allegations following an investigation by the Office of Special Investigations.

The Plaintiff's reputation as a respected educator has been damaged. Her professional career has been substantially compromised and she has been unwillingly exposed to negative notoriety, which has publically humiliated and embarrassed her and subjected her to threats of violence, assault, and death.

The relief sought is monetary relief for damages as a result of the defamation, reverse discrimination, denial of due process, severe emotional, psychological, and physical distress, loss of reputation, loss of income, and expenses incurred by the Plaintiff in an amount not less than One Hundred Twenty Million Dollars, ($120,000,000.00), to be determined upon the trial of this action; which amount exceeds the jurisdictional limits of all lower courts, which may otherwise have jurisdiction, together with interest from January 18, 2018, plus the costs and disbursements of the action, and for such other and further relief as to the Court seems just and proper.

The municipal Defendants in this action have been served with a timely Notice of Claim, and more than thirty (30) days have elapsed since the service of the Notice of Claim. There is no prejudice to the municipal Defendants by the filing of this action, as a pre-action hearing on the Plaintiffs' claim pursuant to General Municipal Law, Article 4, Section 50-h has been scheduled, wherein the municipal Defendants will have an opportunity to orally examine the Plaintiff, under oath, relative to the occurrences and the extent of the injuries for which her claim was made.

Upon your failure to appear, judgment will be taken against you by default in an amount to be determined, upon the trial of this action, which amount exceeds the jurisdictional limits of all lower courts, which may otherwise have jurisdiction, together with interest from January 18, 2018, plus the costs and disbursements of the action, and for such other and further relief as to the Court seems just and proper.