**GT** GreenbergTraurig

Michael J. Gryglel
Tel 518-689-1400
Fax 518-689-1499
gryglelm@gtlaw.com

February 19, 2019

*VIA ELECTRONIC MAIL (tom@tliotti.com)*
*AND UPS / OVERNIGHT DELIVERY*

Thomas F. Liotti, Esq.
Law Offices of Thomas F. Liotti, LLC
600 Old Country Road
Suite 530
Garden City, New York 11530

Re: *Patricia Cummings v. City of New York, et al.*, Index No. 600747/2019

Dear Mr. Liotti:

We represent Defendant Lenard Larry McKelvey a/k/a *Charlamagne Tha God* in the above-referenced action (the "Action"). Please find enclosed for service on behalf of our client a Notice of Appearance and Demand for Complaint dated February 19, 2018. The Action also names as Defendants iHeartMedia, Clear Channel Communications, Inc. (n/k/a iHeartCommunications, Inc.) and WWPR-FM (105.1 MHZ).

On March 15, 2018 (the "Petition Date"), iHeartMedia, Inc. and certain of its subsidiaries, including iHeartCommunications, Inc. and WWPR-FM (105.1 MHZ) (collectively, the "Debtors") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which are pending in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

**Please be advised that continued prosecution of the Action may constitute a direct violation of the automatic stay extant in these chapter 11 cases.**

The commencement of a bankruptcy case results in the imposition of an automatic stay that acts as an injunction against all parties from taking certain actions. Among the acts specifically prohibited by section 362 of the Bankruptcy Code are "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . [or] any act to obtain possession of property of [the debtor's] estate or of property from the estate or to exercise control over property of the estate . . . [or] to collect, assess, or recover a claim against the debtor that arose before the commencement of [the debtor's] bankruptcy case." *See* 11 U.S.C. §§ 362(a)(1), (3), and (6). Continued pursuit of the Action against any Debtor will entitle the Debtors to recovery of "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, [they] may recover punitive damages." *See* 11 U.S.C. § 362(k)(1); *see also Young v. Repine (In re*

Greenberg Traurig, LLP | Attorneys at Law
54 State Street | 6th Floor | Albany, NY 12207 | T +1 518.689.1400 | F +1 518.689.1499

www.gtlaw.com

*Repine)*, 536 F.3d 512, 519 (5th Cir. 2008). Moreover, nonbankruptcy courts' authority to continue judicial proceedings is suspended, even where the acting party had no formal notice of the stay. *See Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1025 (5th Cir. 2012). Accordingly, any attempt to prosecute the Action against any Debtor is stayed in its entirety by the commencement of the Debtors' bankruptcy cases.

In light of the foregoing, we hereby demand that you cease any further activity to prosecute the Action against the Debtors. Failure to comply may necessitate appropriate proceedings in the Bankruptcy Court with the attendant possibility of sanctions, costs, and other expenses. Actions taken in violation of the automatic stay are void *ab initio*, and parties may be held in contempt of court for violating the automatic stay. *See, e.g.*, 11 U.S.C. § 362(k)(1); *see also Young*, 536 F.3d at 519. The Debtors hereby reserve all of their rights at law and in equity with respect to any damages that may arise from, or relate to, actions taken by you in violation of applicable laws.

Please confirm to the undersigned in writing that you will forego pursuing the Action as to the Debtors – *i.e.*, iHeartMedia, Inc.; Clear Channel Communications, Inc. (n/k/a iHeartCommunications, Inc.), and WWPR-FM (105.1 MHZ).

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

GREENBERG TRAURIG, LLP

*[signature]*

Michael J. Grygiel

MJG/rsb
Enclosure