

| ZACHARY W. CARTER | THE CITY OF NEW YORK | ALIZA BALOG |
| Corporation Counsel | LAW DEPARTMENT | Assistant Corporation Counsel |
| | 100 CHURCH STREET | phone: (212) 356-1104 |
| | NEW YORK, NY 10007 | fax: (212) 356-1148 |
| | | e-mail: abalog@law.nyc.gov |
| | | *E-Mail and Fax Not For Service* |

April 4, 2019

**By ECF**
Honorable Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

    Re: *Patricia Cummings v. The City of New York, et al.*,
       19 CV 01664 (SJF) (SIL)
       Our No. 2018-080725

Dear Judge Locke:

    I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for defendants The City of New York, New York City Department of Education ("DOE"), City of New York Office of Special Investigations ("OSI")[1]; NYC Mayor Bill deBlasio, Giulia Cox, Courtney Ware, Councilman Jumaane D. Williams[2], Councilman Daniel Dromm (together the "City Defendants") in the above-referenced matter. Pursuant to Judge Feuerstein's Individual Rule 4(H) referring all non-dispositive motions to the assigned magistrate and Your Honor's Individual Rule 4(A) encouraging parties to make all non-dispositive motions by letter motion, the City Defendants submit this letter motion to respectfully request that the Court transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404. The City Defendants have conferred with

---

[1] OSI is not only misnamed in this action, but it is also not a separate suable entity. OSI is the New York City Department of Education's Office of Special Investigations and is part of the DOE.

[2] Councilmember Williams is now the Public Advocate for the City of New York.

the other parties in this action and the Daily News, Mr. Chapman, Hechinger Institute, Dr. Perry, and Mr. McKelvey have consented to this request. The plaintiff does not consent to this request.

"[I]t is well settled that a removed action may be transferred to a more appropriate district." *Leinberger v. Webster*, 66 F.R.D. 28, 33 (E.D.N.Y. 1975). "When considering whether the discretion to transfer should be exercised, the Court considers first whether venue is proper in the proposed transferee district." *Sati v. Wells Fargo Ins. Servs.*, 16-cv-02573 (ADS) (AYS), 2016 U.S. Dist. LEXIS 168441, at *4-5 (E.D.N.Y. Dec. 5, 2016). Next, courts consider "whether transfer will serve the convenience of witnesses and parties and is in the interests of justice." *Id.* "To make this latter determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice." *Id.* While some cases hold that some of the factors are not at issue for transfers between the E.D.N.Y.'s Brooklyn Courthouse and the S.D.N.Y. in Manhattan because those courthouses "are separated by only four subway stops . . . ." *See, e.g., Richardson v. City of New York*, 87-CV-214 (PR), 1988 U.S. Dist. LEXIS 16746 at *10-11 (E.D.N.Y. Oct. 14, 1988), that is not the case here, where the Central Islip courthouse is located more than 50 miles from the S.D.N.Y. in Manhattan.

As an initial matter, plaintiff's choice of venue should be given little weight as this case was improperly brought in New York Supreme Court in Suffolk County and the City Defendants had properly sought to transfer this case to New York County prior to consenting to another defendant's request to remove this case to federal court. *See, e.g., Levy v. Welsh*, 12-CV-2056 (DLI) (VMS), 2013 U.S. Dist. LEXIS 37840 (E.D.N.Y. Mar. 19, 2013) (transferring case to S.D.N.Y where there was evidence that plaintiff had engaged in forum shopping). The City Defendants should not be held in the position of having to withhold consent to remove a case, so as to avoid having the case assigned to a court 50 miles from where it would have been should plaintiff had properly brought the case in an appropriate state court forum. Specifically, New York Civil Practice Law and Rules ("CPLR") § 504(2) specifies where venue for actions brought against the DOE and its employees is proper and CPLR §504(3), specifies where venue for actions brought against the city of New York and its officers is proper. Pursuant to both subsections, venue in Suffolk County was improper because: (1) defendant DOE, and the defendants who are employees of the DOE, can only be sued in a county in which it is situated; (2) the DOE is not situated in Suffolk, but it is situated in New York; (3) defendant City, and the Mayor and Councilmembers, must be sued in the county within the city in which the claims arose, or if they arose outside of the city, in New York County; (4) the majority of the events described in the Summons with Notice – if not all of them – arose in the Bronx or in New York County; and (5) to the extent the events can be said to have arisen outside of the city, then New York is the proper venue to bring this action.

Accordingly, in compliance with CPLR § 511(b), on February 19, 2019, the City Defendants served plaintiff with a demand to change venue to New York County. *See* Demand to Change Venue, Attached as Exhibit A. Plaintiff had five days after service of the demand to serve an affidavit showing that Suffolk County was the venue. Plaintiff never served an affidavit. *See* Docket of Suffolk County Action, Attached as Exhibit B. Accordingly, as set

2

forth in the Notice of Removal, and in accordance with the CPLR, on March 4, 2019, City Defendants served the parties with a motion to change venue to New York County in Supreme Court New York County. *See* Motion to Change Venue, Attached as Exhibit C. That motion was returnable on March 26, 2019. Thus, had this case remained in Supreme Court, the City Defendants had a high likelihood of success on their motion as the New York Appellate Division, Second Department has explained that where, as here, a plaintiff selected an improper venue, she "forfeits the right to choose the place of venue . . . ." *Burstein v. Fazzari*, 239 A.D.2d 375, 375 (2d Dep't 1997). The Second Department has further stated that where, as here, the City Defendants followed the procedures set forth in CPLR §§ 510 and 511 "the motion *should be granted* - particularly, where, as here, the plaintiff failed to serve an affidavit showing that the county specified by the defendant was improper or that the county specified by the plaintiff was proper." *Id.* (citations omitted and emphasis added). Accordingly, plaintiffs' choice of venue of Suffolk County was improper and should be afforded little weight.

In this case, venue is plainly proper in the S.D.N.Y. and it is in the interests of justice and the convenience of witnesses and the parties that this case be transferred to the S.D.N.Y. Plaintiff is a former probationary DOE teacher at a middle school located at 577 East 179th Street in the Bronx who seeks damages related to the termination of her employment by the DOE, which is based at 52 Chambers Street in Manhattan. Defendant OSI, which is part of the DOE and investigated certain allegations against plaintiff, is located at 65 Court Street in downtown Brooklyn, 2.5 miles from the S.D.N.Y. Defendants Cox and Ware are the principal and an AP of the school in the Bronx where plaintiff taught. Therefore, the locus of operative facts, as well as all of the relevant documents and witnesses related to plaintiff's termination, with the exception of the OSI documents, are located in Manhattan or the Bronx and within the S.D.N.Y. Plaintiff also seeks damages related to certain statements allegedly made by some of the City Defendants related to a lesson taught by the plaintiff to her middle school students. Mayor de Blasio, Public Advocate Williams and Councilmember Dromm all maintain offices in Manhattan. Thus, the locus of the operative facts, as well as much of the relevant documents and witnesses related to their statements, are also located in Manhattan. Further, upon information and belief, nearly all of the other defendants are also located within the City of New York.

Accordingly, City Defendants respectfully submit that not only is venue proper in the S.D.N.Y., but it is in the interest of justice and will serve the convenience of the parties and witnesses to transfer this case there. *See Leinberger v. Webster*, 66 F.R.D. 28, 34 (E.D.N.Y. 1975) (transferring case removed from Supreme Court, Queens County to the E.D.N.Y. to Vermont and holding that "[p]laintiff's choice of forum is not as rigidly adhered to if all the operative facts occurred elsewhere."); *c.f.*, *Fedele v. Harris*, 18 F. Supp. 3d 309, 318 (E.D.N.Y. 2014) (transferring case pursuant to 28 U.S.C. § 1406 which concerned plaintiffs' suspension from the New York State Department of Taxation and Finance to Northern District of New York where "[a]ll the allegations which form the basis of the Plaintiff's complaint occurred at the DTF's office in Albany" even though the plaintiffs lived in Nassau County or the City of New York). In the alternative, should the Court decline to transfer this case to the S.D.N.Y., City Defendants respectfully request that the Court cancel this case's designation as a "Long Island case" and reassign the case to the Brooklyn Courthouse, which is within the City of New York, pursuant to the Guidelines for the Division of Business Among District Judges.

Thank you for your consideration of this request.

3

Respectfully Submitted,

*[signature]*

Aliza J. Balog
Assistant Corporation Counsel

cc: Counsel of Record (via ECF)