# EXHIBIT
# C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

PATRICIA CUMMINGS,

           Plaintiff,

   - against -

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; CITY OF NEW YORK OFFICE OF SPECIAL INVESTIGATIONS; NYC MAYOR BILL deBLASIO; GIULIA COX; COURTNEY WARE; BEN CHAPMAN; NEW YORK DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER REPORT a/k/a HECHINGER INSTITUTE ON EDUCATION AND THE MEDIA; LENARD LARRY McKELVEY a/k/a *CHARLAMAGNE THA GOD*; WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL COMMUNICATIONS, INC.; NEW YORK STATE SENATOR KEVIN S. PARKER; COUNCILMAN JUMAANE D. WILLIAMS; COUNCILMAN DANIEL DROMM; COALITION OF EUDCATIONAL JUSTICE; ANGEL MARTINEZ; NATASHA CAPERS, and "JOHN DOE AND JANE DOE #1-100" said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually and jointly and severally.

           Defendants.

**NOTICE OF MOTION TO CHANGE VENUE**

Index No.

-------------------------------------------------------------------X

  **PLEASE TAKE NOTICE,** that, upon the Demand for Change of Venue dated February 19, 2019, and upon all prior pleadings and proceedings heretofore had herein, defendants The City of New York ("City"), New York City Department of Education ("DOE"),

City of New York Office of Special Investigations ("OSI"[1]); NYC Mayor Bill de Blasio, Giulia Cox, Courtney Ware, Councilman Jumaane D. Williams, Councilman Daniel Dromm (together the "City Defendants") will move this Court at the Submissions Part, Room 130, 60 Centre Street, New York, New York, on March 26, 2019, at 9:30 A.M., or as soon thereafter as counsel may be heard, for a judgment, pursuant to Sections 504 and 510, and 511(b) of the New York Civil Practice Law and Rules ("CPLR"), transferring the venue for this action to New York County, and granting respondents costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 1, 2019

        **ZACHARY W. CARTER**
        Corporation Counsel of the
         City of New York
        Attorney for City Defendants
        100 Church Street, Room 2-143
        New York, New York 10007-2601
        (212) 356-1104

By: _____
      Aliza J. Balog
      Assistant Corporation Counsel

TO: **THOMAS F. LIOTTI, ESQ**
     Law Offices of Thomas F. Liotti, LLC
     600 Old County Road – Suite 530
     Garden City, New York 11530
     (516) 794-4700
     Attorney for Plaintiff

---

[1] OSI is not only misnamed in this action, but it is also not a separate suable entity. OSI is the New York City Department of Education's Office of Special Investigations and is part of the DOE.

CC: **Michael Grygiel, Esq.**
GREENBERG TRAURIG LLP
54 State Street, 6th Floor
Albany, New York 12207
(518) 689-1400
grygielm@gtlaw.com
Attorney for Lenard Larry McKelvey

**Matthew Leish, Esq.**
Daily News, L.P.
4 New York Plaza
New York, New York 10004
(212) 210-2144
mleish@nydailynews.com
Attorney for Daily News, L.P. and Ben Chapman

**WWPR-FM (105.1 MHZ)**
32 Avenue of the Americas, 4th Floor
New York, New York 10013

**iHeart Media**
125 W. 55th Street
New York, New York 10019

**Clear Channel Communications, Inc.**
125 W. 55th Street
New York, New York 10019

**Dr. Andre Perry**
c/o The Brookings Institution
1775 Massachusetts Ave., N.W.
Washington, D.C. 20036

**The Hechinger Report a/k/a Hechinger Institute on Education and the Media**
c/o Teachers College – Columbia University
525 West 120th Street, TC Box 127
New York, New York 10027

**State Senator Kevin Parker**
3021 Tilden Avenue, 1st Floor and Basement
Brooklyn, New York 11226-5107

**Coalition for Educational Justice, Angel Martinez & Natasha Capers**
c/o NYU - Office of the General Counsel
70 Washington Square South – 11th Floor
New York, New York 10012

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PATRICIA CUMMINGS,

                                                Petitioners,

-against-

THE CITY OF NEW YORK, et al.,

                                                Respondents.

**NOTICE OF MOTION TO CHANGE VENUE**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-143
New York, New York 10007-2601

*Of Counsel*: Aliza J. Balog
Tel.: (212) 356-1104

Matter No.: 2018-080725

*Due and timely service is hereby admitted.*

*New York, New York ............................................, 2019.*

*................................................................................*

*Attorney for ..............................................................*

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PATRICIA CUMMINGS,

                          Plaintiff,

- against -

THE CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; CITY OF NEW YORK OFFICE OF SPECIAL INVESTIGATIONS; NYC MAYOR BILL deBLASIO; GIULIA COX; COURTNEY WARE; BEN CHAPMAN; NEW YORK DAILY NEWS; DR. ANDRE PERRY; THE HECHINGER REPORT a/k/a HECHINGER INSTITUTE ON EDUCATION AND THE MEDIA; LENARD LARRY McKELVEY a/k/a *CHARLAMAGNE THA GOD*; WWPR-FM (105.1 MHZ); iHEARTMEDIA; CLEAR CHANNEL COMMUNICATIONS, INC.; NEW YORK STATE SENATOR KEVIN S. PARKER; COUNCILMAN JUMAANE D. WILLIAMS; COUNCILMAN DANIEL DROMM; COALITION OF EUDCATIONAL JUSTICE; ANGEL MARTINEZ; NATASHA CAPERS, and "JOHN DOE AND JANE DOE #1-100" said names being fictitious, it being the intent of Plaintiff to designate any and all individuals, officers, members, agents, servants, and/or employees of the aforementioned agencies owing a duty of care to Plaintiff, individually and jointly and severally.

                          Defendants

**CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A CHANGE OF VENUE**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for City Defendants
100 Church Street, Room 2-143
New York, New York 10007-2601

*Of Counsel:* Aliza J. Balog
Tel.: (212) 356-1104

Matter No.: 2018-080725

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------- x

PATRICIA CUMMINGS,

                                                   Plaintiff,

                                                              Index No.

            - against -

THE CITY OF NEW YORK, et al.

                                                 Defendants

-------------------------------------------------------------------- x

## CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CHANGE OF VENUE

       Defendants The City of New York ("City"), New York City Department of Education ("DOE"), City of New York Office of Special Investigations ("OSI"[1]); NYC Mayor Bill de Blasio, Giulia Cox, Courtney Ware, Councilman Jumaane D. Williams, Councilman Daniel Dromm (together the "City Defendants") submit this memorandum of law in support of their motion, pursuant to Sections 504(2), 504(3), and 511(b) of the Civil Practice Law and Rules ("CPLR"), for a change of venue from the County of Suffolk to the County of New York on the grounds that Suffolk is not a proper county for the commencement of this action and the City Defendants have complied with the requirements of CPLR 511(a) and 511(b).

       Plaintiff is a former probationary DOE teacher. She seeks damages related to the termination of her employment and certain statements allegedly made by some of the City Defendants related to a lesson taught by the plaintiff to her middle school students.

---

[1] OSI is not only misnamed in this action, but it is also not a separate suable entity. OSI is the New York City Department of Education's Office of Special Investigations and is part of the DOE.

Plaintiff's choice of venue in the County of Suffolk is improper under CPLR § 504 for a litany of reasons. First, the DOE, and its officers, boards and departments, must be sued in a county in which it is situated and the DOE is not situated in Suffolk County. Second, the City, and its officers, boards and departments, must be sued in the county in the city where the claims arose, or if they arose outside the city, then the City must be sued in New York County. Here, the claims arose in New York County, where the DOE is based and where Mayor de Blasio and Councilmembers Williams and Dromm maintain offices, or, in the Bronx, where plaintiff taught. Nonetheless, none of the claims arose in Suffolk. Third, to the extent the claims for defamation can be said to have arisen outside the city, Suffolk is still not a proper venue for this action, but New York is. Accordingly, and as explained in further detail below, the City Defendants' motion for a change of venue to New York County should be granted as of right under CPLR § 510(1).

## ARGUMENT

### POINT I

### THE VENUE FOR THIS ACTION IS IMPROPER AND SHOULD BE CHANGED PURSUANT TO CPLR § 510(1).

CPLR § 504(2) specifies that venue for actions brought against school districts or any of their officers, boards or departments must be brought in the county where the school district is located, or, if they are located in more than one county, in any of the counties where they are located. CPLR §504(3) specifies that venue for actions brought against the city of New York must be brought in the county where the action arose, or if it arose outside of the city, in the county of New York.

CPLR § 510(1) provides that venue is subject to change where a plaintiff designates venue in the wrong county. *See* CPLR § 510(1). CPLR § 511(a) and (b) describe the process by which a defendant may obtain a change of venue:

> (a) **Time for motion or demand.** A demand under subdivision (b) for change of place of trial on the ground that the county designated for that purpose is not a proper county shall be served with the answer or before the answer is served. A motion for change of place of trial on any other grounds shall be made within a reasonable time after commencement of the action.
>
> (b) **Demand for change of place of trial upon ground of improper venue, where motion made.** The defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he

> specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper.

*See* CPLR § 511(a) and (b).

Where a plaintiff's initial choice of venue is improper, and the defendant complies with the provisions of CPLR § 511, the defendant may obtain a change of venue as of right. As explained by the Appellate Division, Second Department in *Burstein v. Fazzari*,

> A plaintiff who selects an improper venue in the first instance forfeits the right to choose the place of venue…Thereafter, where the defendant, as in the case at bar, properly serves…a demand for change of venue pursuant to CPLR 511(b), and follows it up within 15 days with a motion to change venue to a proper county pursuant to CPLR…510, and 511, the motion *should be granted* – particularly, where, as here, the plaintiff failed to serve an affidavit showing that the county specified by the defendant was improper or that the county specified by the plaintiff was proper.

239 A.D.2d 375, 375 (internal citations omitted) (emphasis added); *see also Montinall v. River Park Assocs.*, 282 A.D.2d 389 (1st Dep't 2001) (court below erred in denying motion to change venue because plaintiff forfeited her right to choose venue by failing to serve an affidavit responding to the defendant's timely CPLR 511[a] demand).

Here, plaintiff improperly commenced this action in the County of Suffolk under all of the bases described in CPLR § 504. *See* Summons with Notice, dated January 9, 2019, a copy of which is annexed to the March 1, 2019 Affirmation of Aliza J. Balog ("Balog Affirmation") as Exhibit "A." Venue in Suffolk is improper because: (1) defendant DOE, and the defendants who are employees of the DOE, can only be sued in a county in which it is situated; (2) the DOE is not situated in Suffolk, but it is situated in New York; (3) defendant

City, and the Mayor and Councilmembers, must be sued in the county within the city in which the claims arose, or if they arose outside of the city, in New York County; (4) the majority of the events described in the Summons with Notice – if not all of them – arose in the Bronx or in New York County; and (5) to the extent the events can be said to have arisen outside of the city, then New York is the proper venue to bring this action. Thus, New York county is a proper venue for this action, but Suffolk is not.

In compliance with CPLR § 511(b), the City Defendants served the plaintiff by filing a demand to change venue to New York County February 19, 2019 on NYSCEF.[2] *See* Demand for Change of Venue, dated February 19, 2019, a copy of which is annexed to the Balog Affirmation as Exhibit "B." After said service, plaintiff had five days to provide the City Defendants with an affidavit showing "either that the county specified by defendant is not proper or that the county specified by [plaintiff] is proper." *See* CPLR § 511(b). Plaintiff has failed to provide the City Defendants with any response to their February 19, 2019, demand, and has thus forfeited her chance to designate venue in this case. Accordingly, this Court should grant the City Defendants' motion to change venue as of right, pursuant to CPLR § 510(1).

---

[2] The City Defendants also served a copy of the Demand for Change of Venue via mail.

## CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that the Court grant the City Defendants' motion to change venue from the County of Suffolk to New York County.

Dated:     New York, New York
            March 1, 2019

                                      ZACHARY W. CARTER
                                      Corporation Counsel of the
                                        City of New York
                                      Attorney for City Defendants
                                      100 Church Street, Room 2-143
                                      New York, New York 10007-2601
                                      (212) 356-1104

                        By: *[signature]*
                                      Aliza J. Balog
                                      Assistant Corporation Counsel