UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PATRICIA CUMMINGS,

                              Plaintiff,

                -against-                                ANSWER

THE CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; CITY OF NEW
YORK OFFICE OF SPECIAL INVESTIGATIONS;      19 CV 1664
NYC MAYOR BILL de BLASIO; GIULIA COX;
COURTNEY WARE; BEN CHAPMAN; NEW YORK
DAILY NEWS; DR. ANDRE PERRY; THE              (Feuerstein, J.)
HECHINGER REPORT a/k/a HECHINGER
INSTITUTE ON EDUCATION AND THE MEDIA;
LENARD LARRY McKELVEY a/k/a *CHARLAMAGNE*      (Locke, M.J.)
*THA GOD*; WWPR-FM (105.1 MHZ); iHEARTMEDIA;
CLEAR CHANNEL COMMUNICATIONS, INC.;
NEW YORK STATE SENATOR, KEVIN S. PARKER;     TRIAL BY JURY
COUNCILMAN, JUMAANE D. WILLIAMS;                 DEMANDED
COUNCILMAN, DANIEL DROMM; COALITION
OF EDUCATIONAL JUSTICE; ANGEL MARTINEZ;
NATASHA CAPERS, and "JOHN DOE AND JANE
DOE # 1-100 said names being fictitious, it being the
intent of Plaintiff to designate any and all individuals,
officers, members, agents, servants, and/or employees
of the aforementioned agencies owing a duty of care to
Plaintiff, individually and jointly and severally,

                              Defendants.
-------------------------------------------------------------------X

      PLEASE TAKE NOTICE that Defendant NEW YORK STATE SENATOR, KEVIN S. PARKER ("Senator Parker") by his attorney, LETITIA JAMES, Attorney General of the State of New York, by DOROTHY OEHLER NESE, Assistant Attorney General, of counsel, hereby interposes the following Answer in opposition to the Complaint:

      1.     Senator Parker affirmatively states that the allegations set forth in paragraph numbered "1" set forth the purported jurisdictional basis for Plaintiff's claims, to which no

response is necessary; he denies that Plaintiff has pled any cognizable claims which would entitle her to any relief; and he respectfully refers the Court to the constitutional provisions and statutes cited to in paragraph numbered "1", for the best evidence of their content and meaning.

2. Senator Parker denies the truth of the allegations set forth in paragraph numbered "2".

3. Senator Parker denies the truth of the allegations set forth in paragraph numbered "3".

4. In response to the allegations set forth in paragraph numbered "4", Senator Parker affirmatively states that this Court, in general, possesses federal question jurisdiction over claims arising under 42 USC § 1983 and denies that Plaintiff possesses any valid claims arising under 42 USC § 1983.

5. Senator Parker denies the truth of the allegations set forth in paragraph numbered "5" and to extent that the allegations refer to statutes, Senator Parker respectfully refers the Court to the statutes themselves, as the best evidence of their content and meaning.

6. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "6" and to extent that the allegations refer to statutes, Senator Parker respectfully refers the Court to the statutes themselves, as the best evidence of their content and meaning.

7. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "7" and to extent that the allegations refer to statutes, Senator Parker respectfully refers the Court to the statutes themselves, as the best evidence of their content and meaning.

8. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "8".

9. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "9" and to extent that the allegations refer to statutes, Senator Parker respectfully refers the Court to the statutes themselves, as the best evidence of their content and meaning.

10. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "10", and to the extent that the allegations set forth in paragraph numbered "10" refer to documents or letters, Senator Parker respectfully refers the Court to the documents or letters themselves, for the best evidence of their content and meaning.

11. Senator Parker denies the truth of the allegations set forth in paragraph numbered "11".

12. Senator Parker denies the truth of the allegations set forth in paragraph numbered "12", and to the extent that the allegations refer to statutes, respectfully refers the Court to the statutes themselves, as the best evidence of their content and meaning.

13. Senator Parker affirmatively states that the allegations set forth in paragraph numbered "13" recite Plaintiff's characterization of the jurisdictional basis for her claims and the nature of this action to which no response is necessary and denies that Plaintiff is entitled to the relief she seeks, and to the extent that the allegations refer to laws, statutes or constitutional provisions, respectfully refers the Court to the laws, statutes and constitutional provisions themselves, as the best evidence of their content and meaning.

14. Senator Parker denies the truth of the allegations set forth in paragraph numbered "14".

15. Senator Parker affirmatively states that the allegations set forth in paragraph numbered "15" recite Plaintiff's demand for a jury trial, to which no response is necessary, and to the extent that the allegations refer to constitutional provisions, respectfully refers the Court to the constitutional provisions themselves, as the best evidence of their content and meaning.

16. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "16".

17. Senator Parker admits the truth of the allegations set forth in paragraph numbered "17".

18. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35" and "36".

19. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "37" and to extent that the allegations refer to statutes or cases, Senator Parker respectfully refers the Court to the statutes and cases themselves, as the best evidence of their content and meaning.

20. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "38".

21. Senator Parker admits the truth of the allegations contained in paragraph numbered "39".

22. Senator Parker denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraphs numbered "40", "41", "42", "43", "44", "45", "46" and "47".

23. Senator Parker denies the truth of the allegations set forth in paragraph numbered "48".

24. Senator Parker denies the truth of the allegations set forth in paragraph numbered "49".

25. In response to the allegations set forth in paragraph numbered "50", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "49", as if more fully set forth herein.

26. Senator Parker denies the truth of the allegations set forth in paragraph numbered "51".

27. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "52", "53", "54", "55", "56" and "57".

28. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "58", "59", "60", "61", "62", "63" and "64", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

29. Senator Parker denies knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph numbered "65".

30. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79" and "80", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

31. Senator Parker denies the truth of the allegations contained in paragraph numbered "81.

32. In response to the allegations set forth in paragraph numbered "82", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "81", as if more fully set forth herein.

32. Senator Parker denies the truth of the allegations contained in paragraphs numbered "83", "84", "85" and "86".

33. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "87".

34. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "88", "89", "90" and "91".

35. Senator Parker admits the truth of the allegations set forth in the first sentence of paragraph numbered "92" and denies the truth of the allegations set forth in the second sentence of paragraph numbered "92".

36. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph numbered "93" and denies the truth of the allegations set forth in the second sentence of paragraph numbered "93".

37. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "94", "95" and "96".

38. Senator Parker denies the truth of the allegations set forth in the first sentence of paragraph numbered "97", denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph numbered "97", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

39. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "98", and to the extent that the allegations in those paragraphs refer to documents, respectfully refers the Court to the actual documents themselves for the best evidence of their content and meaning.

40. In response to the allegations set forth in paragraph numbered "99", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "98", as if more fully set forth herein.

41. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "100", "101", "102" and "103" and

to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

42. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "104".

43. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "105", "106" and "107", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

44. Senator Parker denies the truth of the allegations set forth in paragraph numbered "108", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

45. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "109", "110", "111", "112", "113", "114", "115", "116" and "117", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or

recordings thereof for the best evidence of their content and meaning.

46. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "118" and "119".

47. In response to the allegations set forth in paragraph numbered "120", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "119", as if more fully set forth herein.

48. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs numbered "121", "122", "123", "124", "125" and "126".

49. In response to the allegations set forth in paragraph numbered "127", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "126", as if more fully set forth herein.

50. Senator Parker denies the truth of the allegations set forth in paragraph numbered "128.

51. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "129".

52. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "130", "131", "132", "133", "134", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150" and "151", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or

copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

53. In response to the allegations set forth in paragraph numbered "152", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "151", as if more fully set forth herein.

54. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163" and "164", and to the extent that the allegations in those paragraphs refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

55. In response to the allegations set forth in paragraph numbered "165", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "164", as if more fully set forth herein.

56. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "166", and to the extent that the allegations in those paragraphs refer to writings, documents, or regulations, respectfully refers the Court to the actual writings, documents or regulations for the best evidence of their content and meaning.

57. Senator Parker denies the truth of the allegations set forth in paragraph numbered "167", and to the extent that the allegations in that paragraph refers to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

58. Senator Parker denies the truth of the allegations set forth in paragraph numbered "168".

59. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "169", and to the extent that the allegations in that paragraph refer to regulations or to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual regulations, writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

60. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "170" and "171", and to the extent that the allegations in those paragraphs refer to documents, respectfully refers the Court to the actual documents for the best evidence of their content and meaning.

61. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "172", and to the extent that the allegations in that paragraph refer to regulations or to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual regulations, writings, documents, video or audio transmissions or copies or recordings thereof for

the best evidence of their content and meaning.

62. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "173".

63. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "174" and to the extent that the allegations in that paragraph refer to documents, respectfully refers the Court to the actual documents themselves for the best evidence of their content and meaning.

64. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "175".

65. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "176" and to the extent that the allegations in that paragraph refer to documents, respectfully refers the Court to the actual documents themselves for the best evidence of their content and meaning.

66. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "177" and to the extent that the allegations in that paragraph refer to documents, respectfully refers the Court to the actual documents themselves for the best evidence of their content and meaning.

67. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "178" and to the extent that the allegations in that paragraph refer to statutes or documents, respectfully refers the Court to the actual statutes or documents themselves for the best evidence of their content and meaning.

68. Senator Parker denies knowledge or information sufficient to form a belief as to

the truth of each and every allegation contained in paragraph numbered "179", and to the extent that the allegations in that paragraph refer to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

69. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "180", and to the extent that the allegations in that paragraph refer to statutes or regulations, or to writings, documents, video or audio transmissions or copies or recordings thereof, respectfully refers the Court to the actual statutes, regulations, writings, documents, video or audio transmissions or copies or recordings thereof for the best evidence of their content and meaning.

70. Senator Parker denies the truth of the allegations contained in the first through fourth sentences of paragraph numbered "181" as an oversimplification or mischaracterization of the content and meaning of the statute, constitutional provision and cases cited to therein, and respectfully refers the Court to the actual statute, constitutional provision and cases for the best evidence of their content and meaning, and denies the truth of the allegations contained in the last sentence of paragraph numbered "181".

71. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered "182".

72. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "183" and to the extent that the allegations in that paragraph refer to documents, respectfully refers the Court to the actual

documents themselves for the best evidence of their content and meaning.

73. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "184" and to the extent that the allegations in that paragraph refer to statutes or documents, respectfully refers the Court to the actual statutes or documents themselves for the best evidence of their content and meaning.

74. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "185".

75. Senator Parker denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph numbered "186" and to the extent that the allegations in that paragraph refer to statutes or documents, respectfully refers the Court to the actual statutes or documents themselves for the best evidence of their content and meaning.

76. Senator Parker denies the truth of the allegations set forth in paragraph numbered "187".

77. In response to the allegations set forth in paragraph numbered "188", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "187", as if more fully set forth herein.

78. Senator Parker denies the truth of the allegations set forth in paragraph numbered "189".

79. Senator Parker denies the truth of the allegations set forth in paragraph numbered "190".

80. Senator Parker denies the truth of the allegations set forth in paragraph numbered

"191" and to the extent that the allegations in that paragraph refer to rules, regulations, codes, statutes, ordinances or documents, respectfully refers the Court to the actual rules, regulations, codes, statutes, ordinances or documents themselves for the best evidence of their content and meaning.

81. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "192", "193" and "194".

82. In response to the allegations set forth in paragraph numbered "195", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "194", as if more fully set forth herein.

83. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "196", "197", "198", "199" and "200".

84. In response to the allegations set forth in paragraph numbered "201", Senator Parker repeats, reiterates and realleges each and every response to the allegations contained in the paragraphs of the Complaint inferentially referred to in paragraphs numbered "1" through "200", as if more fully set forth herein.

85. Senator Parker denies the truth of the allegations set forth in paragraphs numbered "202", "203", "204", "205", "206", "207", "208", and "209".

86. Senator Parker affirmatively states that the allegations set forth in the "Wherefore" paragraph set forth Plaintiff's prayers for relief, to which no response is necessary, and denies that Plaintiff is entitled to the relief she seeks.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

87. The Complaint must be dismissed for failure to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

88. The Complaint must be dismissed on the basis of statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

89. The Court lacks subject matter jurisdiction to provide the relief Plaintiff seeks.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

90. Plaintiff lacks capacity to bring this action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

91. Plaintiff lacks standing to bring this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

92. All or some of Plaintiff's claims are barred by issue preclusion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

93. All or some of Plaintiff's claims are barred by claim preclusion.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

94. Plaintiff is barred from pursuing some of the claims herein since the claims were not raised administratively, and Plaintiff has failed to exhaust her administrative remedies as to these claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

95. Senator Parker's actions were reasonable and based on his professional judgment, and the decision and actions were both necessary and proper. The alleged conduct was, in whole or in part, properly within the discretionary authority committed to Senator Parker to perform his

official functions, and the relief prayed for would constitute an improper intrusion by the judiciary into said discretionary authority.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

96. The Verified Complaint fails to state any colorable constitutional or statutory claims nor any claims upon which relief can be granted.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

97. The actions taken by Senator Parker were at all times proper, reasonable, and necessary to effectuate the policies of the State of New York.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

98. Senator Parker has not violated any rights, privileges or immunities secured to Plaintiffs by the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

99. No statement made by Senator Parker or otherwise ratified by Senator Parker authorized a deprivation of Plaintiff's constitutional rights.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

100. Any actions of Senator Parker complained of herein were in all respects reasonable, proper, lawful, constitutional and an appropriate exercise of discretion.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

101. If Plaintiff sustained any damages or injuries, such damages or injuries were caused, in whole or in part, by the Plaintiff, or by others acting on her behalf or at her behest.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

102. If, in fact, Plaintiff has been damaged, said damages were caused in whole or in part by her failure to take action to mitigate such damages, or by the failure of others acting on her behalf or at her behest.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

103. To the extent that any of Plaintiff's claims are asserted against Senator Parker in his official capacity, such claims are barred by the Eleventh Amendment to the United States Constitution and the principles of sovereign immunity enunciated in cases such as *Edelman v. Jordan*, 415 U.S. 651 (1974), *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 120-122 (1984) and their progeny.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

104. To the extent that Senator Parker is sued in his official capacity, he is not a "person" within the meaning of 42 USC § 1983.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

105. To the extent that any of Plaintiff's claims are asserted against Senator Parker in his official capacity, he is shielded from liability and damages and immune from suit, based on the doctrine of qualified immunity, and to the extent that any of Plaintiff's claims are based on Senator Parker's discretionary acts under State law, he is shielded from liability and damages and absolutely immune from suit.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

106. Senator Parker has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution or laws of the United States or the State of New York or any

political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights. No statement officially adopted or expressed by Senator Parker or otherwise ratified by him authorized a deprivation of any of Plaintiff's rights, constitutional or otherwise.

AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

107. Plaintiff has failed to timely or properly serve and file notice of intent to sue or notice of claim or otherwise failed to comply with the relevant provisions in the Court of Claims Act governing commencement of suit against the State or state employees.

AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

108. Based on the facts alleged, Plaintiff cannot obtain exemplary or punitive damages against Senator Parker.

AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

109. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law-based claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2nd Cir. 2006).

AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

110. Plaintiff's defamation cause of action fails because she has not alleged special damages. Moreover, under the "single instance rule", Plaintiff's failure to plead special damages requires a dismissal of her defamation *per se* claim.

111. Plaintiff's claims of defamation and defamation *per se* are barred, in whole or in part, because the statements complained of do not convey a defamatory meaning.

112. Some or all of the complained of statements constitute expressions of opinion and cannot form the basis for Plaintiff's defamation or defamation *per se* claims.

113. Plaintiff's claims of defamation and defamation *per se* fail because there was no publication of defamatory matter.

114. Plaintiff's claims of defamation and defamation *per se* fail, in whole or in part, by virtue of the truth of the complained of statements.

115. Plaintiff's claims of defamation and defamation *per se* fail, in whole or in part, by reason of the existence of absolute privilege.

116. Plaintiff's claims of defamation and defamation *per se* fail, in whole or in part, by reason of the existence of a qualified privilege.

117. Plaintiff's claim of defamation fails because she cannot make a showing of malice.

WHEREFORE, Senator Parker respectfully requests that judgment be entered dismissing the Complaint with costs, disbursements and an award of reasonable attorney's fees in favor of Senator Parker and against Plaintiff, and that the Court grant such other and further relief as this Court may deem just and proper.

Dated: Mineola, New York
       June 27, 2019

LETITIA JAMES
Attorney General of the State of New York
<u>Attorney for Defendant NEW YORK
STATE SENATOR KEVIN S. PARKER</u>

By: *Dorothy Oehler Nese*
_____
Dorothy Oehler Nese
Assistant Attorney General, Of Counsel
200 Old Country Road, Suite 240
Mineola, New York 11501
(516) 248-3302