LAW OFFICES OF
**THOMAS F. LIOTTI, LLC**
600 OLD COUNTRY ROAD - SUITE 530
GARDEN CITY, NEW YORK 11530
--------
TELEPHONE: (516) 794-4700
FACSIMILE: (516) 794-2816
WEBSITE: www.tliotti.com

THOMAS F. LIOTTI✧

LUCIA MARIA CIARAVINO∗
SARA V. SALMERON
∗Also Admitted in CT

JEAN LAGRASTA
ELLEN LUXMORE
Paralegals

KATURIA D'AMATO
Of Counsel

August 5, 2019

**Sent via ECF only**
Honorable Sandra J. Feuerstein
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, New York 11722

Re:  *Patricia Cummings v. The City of New York, et al.*
     *Docket No. 19 CV 01664 (SJF) (SIL)*

Dear Judge Feuerstein:

Our office represents the Plaintiff, Patricia Cummings (Plaintiff), with regard to the above referenced matter.

I write to you in response to the City Defendant's letter dated July 22, 2019, and with respect to the motions to dismiss that have been filed on behalf of some of the Defendants in this matter, to wit: Andre Perry and The Hechinger Report; Lenard Larry McKelvey; The City of New York and the DOE Defendants; and Ben Chapman and New York Daily News.

It is **not** the Plaintiff's intention to have any of the motions to dismiss be decided without opposition. The procedural history of this case is extremely complex. The Plaintiff commenced a civil action on January 10, 2019, in the Supreme Court in the County of Suffolk, where she resides. On February 19, 2019, our office received the City Defendants' Demand for a Complaint, and on that same date, our office received the City Defendant's a Demand for a Change of Venue from Suffolk County to New York County, *inter alia*, on the ground that Suffolk County is an improper county for venue. Plaintiff did not consent to the demand, and the City Defendants purchased an index number in New York County Supreme Court and moved for a change of venue under CPLR §§ 504(2) (3), and 511(a) and (b). The Plaintiff opposed said motion.

On or about March 22, 2019, our office received and additional notice of the City Defendants' Notice of Removal to Federal Court transferring the case to the United States Eastern District of New York. Thereafter, on April 2, 2019, the Plaintiff's counsel was contacted by the City Defendants' counsel requesting consent to a further transfer of the matter to the United States Southern District of New York; the Plaintiff refused to consent to the transfer. As such, on or about April 4, 2019, the City Defendants moved *via* letter motion to change

1

venue to the United States Southern District of New York. The Plaintiff opposed this application by filing a letter response in opposition on April 10, 2019. To date, a decision on the Defendants' request to transfer the case to the United States Southern District of New York. has **not** been made. The parties received noticed of an initial conference in this matter, which is scheduled before Your Honor for Wednesday, September 18, 2019, at 11:15 am.

Our office was unsure if it was the Court's intention to first address the transfer application and/or establish a motion briefing schedule at the initial conference, since it was our understanding that these dispositive motions could not be determined until the proper venue was established. Moreover, in any event, the Plaintiff would require some additional time to respond to each individual motion, as they were all filed and received by the Plaintiff on the same date. Unfortunately, I have been out of the state, and I am just recently returning to the office to address these matters. I have not previously had an opportunity to communicate with respective counsel for the Defendants or the Court on these issues.

Among other factors, there should be consideration of any prejudice to the parties. In this instance, should the Plaintiff be afforded some additional time to submit its opposition papers, there would be no prejudice to the Defendants; however, the prejudice to the Plaintiff in considering these applications without opposition would be immense. It is well held that Courts prefer, whenever possible, to resolve disputes on their merits rather than on the basis of procedural technicalities. See, *SEC v. Euro Sec. Fund*, No. 98-CV-7347, 2009 U.S. Dist. LEXIS 76590, 2009 WL 2709316, at 4 (S.D.N.Y. Aug. 27, 2009) ("Strong public policy favors resolving disputes on the merits.") (quoting, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001)).

Based on the foregoing, if this Court is inclined to have these motions briefed prior to deciding the transfer application, the Plaintiff would respectfully request until September 10, 2019, to serve respective counsel for the Defendants with Plaintiff's opposition papers.

Thank you for your attention and courtesies.

Respectfully,

Thomas F. Liotti

cc: All Counsel via ECF